**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHELBE L. DAVIS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 4:23-CV-272 RLW |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United Parcel Service's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] (ECF No. 11). Also before the Court is Plaintiff Shelbe L. Davis, Sr.'s response to the Court's Order to Show Cause. For the reasons that follow, the Court will allow Plaintiff to file a response in opposition to Defendant's Motion to Dismiss. The Court also denies Defendant's Motion to Dismiss without prejudice, and orders Plaintiff to file an Amended Complaint.

*I. Background*

On March 3, 2023, Plaintiff Shelbe L. Davis, Sr., who is proceeding in this matter pro se without the assistance of counsel, filed an Employment Discrimination Complaint (hereinafter "Complaint") against United Parcel Service ("UPS" or "Defendant"). The Complaint, which was filed on a form complaint, purports to bring claims against Defendant pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII"). (ECF No. 1

---

[1] Plaintiff identifies the defendant in this case as "United Parcel Service et al." (ECF No. 1 at 1). "Et al." is a Latin phrase meaning "and others." The phrase is used in the captions of legal filings to indicate there is more than one defendant or more than one plaintiff. The Court has reviewed Plaintiff's Complaint, and there is nothing that would indicate Plaintiff is bringing claims against defendants other than UPS.

at 1). Plaintiff asserts he is bringing a claim of harassment based on race. (ECF No. 1 at 4 and 5). For relief, Plaintiff asks that he be made whole "in every way." (ECF No. 1 at 7). He also is requesting $1,000,000.00 in punitive damages. (Id.).

On June 16, 2023, in response to the Complaint, UPS filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In its motion, Defendant argues that Plaintiff fails to allege any facts that are sufficient to state a claim of discrimination under Title VII.

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and on July 20, 2023, the Court issued an Order to Show Cause. (ECF No. 15). Plaintiff was ordered to show cause, in writing before August 4, 2023, why he failed to respond to Defendant's Motion to Dismiss his Complaint. On July 24, 2023, Plaintiff filed a response to the Order to Show Cause. That same day, Plaintiff also filed a response in opposition to Defendant's Motion to Dismiss without leave of Court. (ECF No. 16 and 17). UPS filed a reply in support of its Motion to Dismiss.

## II.     Order to Show Cause

Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner. Although Plaintiff is representing himself without the assistance of counsel, he is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and applicable local rules. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri provides, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies." E.D. Mo. L.R. 4.01(B). When a party cannot

meet a deadline, that party must file a motion for leave to file a document out of time. The Court may extend the deadline for good cause shown or because of excusable neglect. Fed. R. Civ. P. 6(b).

In this instance, the Court will allow Plaintiff to file his response to Defendant's Motion to Dismiss out of time. However, Plaintiff shall familiarize himself with the Local Rules and Federal Rules of Civil Procedure. A copy of the Court's Local Rules can be found on the website for the U.S. District Court Eastern District of Missouri. See https://www.moed.uscourts.gov/local-rules. Other resources for self-represented parties can be found on the District's website as well, including links to the Federal Rules of Civil Procedure. In the future, Plaintiff shall comply the Court's orders and the applicable rules of this Court.

### III. Motion to Dismiss

#### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. See Swierkiewicz v. Sorema, 534 U.S. 506, 510–12 (2002); Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013). The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." Blomker, 831 F.3d at 1056 (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 57 (1st Cir. 2013)).

A complaint filed by a pro se plaintiff should be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim]

forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

### B.     Plaintiff's Factual Allegations

Plaintiff's Complaint is short on alleged facts. When asked to describe the essential facts of his claims, including the conduct he contends was discriminatory and how each defendant was involved in the conduct, Plaintiff alleges the following:

> Any employee who believes that he or she may be the target of violence or threat of violence, or is aware of violent or threatening conduct by, or directed at an employee or UPS representative that could result in injury to a person or the destruction of property has responsibility to immediately report the situation to his or her immediate supervisor or manager.
>
> Harassment is defined in the Act as unwanted conduct related to a relevant protected characteristic and has the purpose or effect of; violating my dignity or creating an intimidating, hostile, degrading, humiliating or offensive environment for me . . . I have tried resolving this discrimination and harassment matter.  I have reported all incidences to my immediate supervisors and Grievance Process.  But I am not satisfied with the outcome.

(ECF No. 1 at 5-6).

Plaintiff does allege in his Complaint that the discrimination occurred on August 10, 2019, and that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") in August 2019.  There are no other factual allegations in Plaintiff's Complaint.  Plaintiff did attach to his Complaint a copy of a Notice of Right to Sue from the EEOC dated January 30, 2023.  He did not attach a copy of the charge(s).

**C.    Discussion**

Defendant argues Plaintiff's Complaint is devoid of any factual allegations that could state a claim that is plausible on its face. The Court does not disagree, but it declines to address the merits of Defendant's Motion to Dismiss and will allow Plaintiff an opportunity to amend.

Plaintiff is proceeding without the assistance of counsel, and while a pro se complaint should be liberally construed and held to less stringent standards than those drafted by an attorney, Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010), it must "specify the allegations in a manner that provides sufficient notice" to the defendant. Whitehead v. City of St. Louis, No. 4:09-CV-483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009). The Court has reviewed Plaintiff's Complaint and finds that it does not meet the basic pleading requirements because it fails to allege any facts as to the basis of Plaintiff's claims.

In order to proceed in this matter, Plaintiff must submit an amended complaint on the court-provided form. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is required to set out his claim(s) in a simple, concise, and direct manner, and also the facts supporting his claim(s) against the defendant. See Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff must explain the factual basis of his claim(s) so that the defendant will have notice of what it is accused of doing or failing to do. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). In paragraph 12 of the form complaint,

Plaintiff must set forth the factual allegations supporting his claim against the defendant, in other words, what the defendant did.

Plaintiff is also required to attach to his amended complaint copies of his charge(s) of discrimination filed with the EEOC and/or MCHR and the right-to-sue letter.  A party seeking to bring an action under Title VII is required to timely file a charge of discrimination and receive a right-to-sue letter.  42 U.S.C. § 2000e–5(b), (c), (e); Stuart v.General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Thus, the Court will provide Plaintiff with the opportunity to provide the Court with a copy of his charge(s) of discrimination to ensure Plaintiff has properly exhausted his administrative remedies and timely filed the instant employment discrimination complaint following the issuance of the right-to-sue letter.

Plaintiff is also advised that the filing of the amended complaint completely replaces the original complaint, so it must include all claims Plaintiff wishes to bring.  See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

**Finally, if Plaintiff fails to file an amended complaint on the Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United Parcel Service's Motion to Dismiss is **DENIED without prejudice.**  [ECF No. 11].

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a Court form for filing an Employment Discrimination Complaint.

7

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than **December 14, 2023**.  Plaintiff must attach to his amended complaint copies of his EEOC and/or MCHR charge(s) of discrimination and right-to-sue letter.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice and without further notice.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th    day of November 2023.