# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHELBE L. DAVIS, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-272 RLW |
| UNITED PARCEL SERVICE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant United Parcel Service's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31). Plaintiff Shelbe L. Davis, Sr., who is proceeding in this matter pro se without the assistance of counsel, opposes the Motion, which is fully briefed and ripe for review.[1]  For the reasons that follow, the Court grants Defendant United Parcel Service's Motion to Dismiss.

---

[1] Also before this Court is Plaintiff's "Motion for Leave to Amend Complaint and For Leave to File Surreply in Opposition to Defendant's Motion to Dismiss." (ECF No. 37). The Court denies Plaintiff's motion on a number of grounds. With regard to Plaintiff's request for leave to file a second amended complaint, Plaintiff did not attach to his motion a proposed second amended complaint. As previously instructed, the Court will not grant Plaintiff leave to file an amended complaint until it has reviewed Plaintiff's proposed amended complaint and Defendant has had an opportunity to respond. (ECF No. 21). Second, in his motion, Plaintiff fails to set forth what additional claims or facts he would allege if he were allowed to file a second amended complaint, aside from adding factual allegations regarding a charge of discrimination that he filed in 2017. As for Plaintiff's request for leave to file additional briefing in opposition to Defendant's Motion to Dismiss, although Plaintiff seeks leave to file a surreply, a memorandum filed following a reply is properly designated a surresponse, which itself may be followed by a surreply.  Second, and more importantly, even if the Court were to construe Plaintiff's request as a motion for leave to file a surresponse, Plaintiff did not attach to his motion the proposed document for filing. The motion is denied on this basis. However, Plaintiff did attach to his motion a Charge of Discrimination dated August 30, 2017, 28E-2017-01602C. (ECF No. 37, Ex. A). An administrative charge of discrimination is a matter of public record, and in deciding the pending Motion to Dismiss, the Court will take judicial notice of and consider the fact that Plaintiff filed Charge No. 28E-2017-01602C. Faibisch v. Univ. of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002) (overruled in part on other grounds).

## I. Background

On March 3, 2023, Plaintiff Shelbe L. Davis, Sr., filed with this Court an Employment Discrimination Complaint (hereinafter "Complaint") against United Parcel Service ("UPS" or "Defendant"). The Complaint, which was filed on a form complaint, purported to bring claims against Defendant pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII"). (ECF No. 1 at 1). Plaintiff asserted a claim of harassment based on race against UPS. (ECF No. 1 at 4 and 5). For relief, Plaintiff asked that he be made whole "in every way" and for $1,000,000.00 in punitive damages. (Id. at 7).

In response to the initial Complaint, UPS filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). In its motion, Defendant argued that Plaintiff failed to allege any facts that are sufficient to state claims of harassment or discrimination under Title VII. Plaintiff did not respond to Defendant's Motion to Dismiss in a timely manner, and the Court issued an Order to Show Cause. (ECF No. 15). Plaintiff filed a Response to the Order to Show Cause, and subsequently, the Court granted Plaintiff leave to file a Response in Opposition to Defendant's Motion to Dismiss. (ECF No. 16 and 17). UPS filed a Reply in support of its Motion to Dismiss.

Shortly thereafter, Plaintiff filed a Motion for Leave to File an Amended Complaint. The motion was denied without prejudice, because Plaintiff failed to attach a proposed amended complaint to his motion for leave. (ECF No. 21). Plaintiff did not renew his motion, and the Court took up Defendant's Motion to Dismiss the Complaint. The Court did not disagree with UPS's argument that Plaintiff's Complaint was devoid of any factual allegations that could state a claim that was plausible on its face, but it declined to address the merits of Defendant's Motion to Dismiss and allowed Plaintiff the opportunity to amend his pleading. The Court provided Plaintiff

with specific instructions as to what to include in the amended pleading, and he was sent a form for filing his Amended Complaint.

Plaintiff complied with the Court's Order in that he timely filed an Amended Complaint. (ECF No. 24). In his Amended Complaint, Plaintiff brings claims against UPS pursuant to Title VII. He alleges his claims involve harassment and discrimination based on race and/or color. He also asserts a claim of retaliation under Title VII. Defendant responded to the Amended Complaint by filing the Motion to Dismiss that is presently before the Court.

## *II. Legal Standard*

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. Iqbal,

3

556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. See Swierkiewicz v. Sorema, 534 U.S. 506, 510–12 (2002); Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1014 (8th Cir. 2013). The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." Blomker, 831 F.3d at 1056 (citing Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 57 (1st Cir. 2013)).

A complaint filed by a pro se plaintiff should be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.")); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

### *III.  Factual Allegations*

In his Amended Complaint, Plaintiff alleges that he is a black male and an employee of UPS.  Like his initial Complaint, Plaintiff's Amended Complaint is short on specific facts. In the section of the form that asks Plaintiff to describe the essential facts of his claims, including the conduct he contends was discriminatory, Plaintiff alleges the following:

> I have repeatedly experienced racial discrimination at work by white employees. Including workplace violence, harassment, retaliation, intimidation and bullying. Specifically, these employees have made derogatory comments and used racial slurs toward me. Management has assigned me menial tasks due to my race while favoring white employees with more desirable work, assignments and excluded me from work related activities and opportunities. Furthermore, despite numerous complaints to my white supervisors and managers about this discriminatory behavior[,] they have failed to take any action to resolve the discrimination[.] Their lack of action has allowed the discriminatory behavior to continue making my work environment hostile and unbearable.

(ECF No. 24 at 5).

Plaintiff does specifically allege that a white employee, Aaron Haynes, made a threat against his life due to Plaintiff's race and color, "which could be considered harassment."  (Id. at 6, 7).  Plaintiff further alleges that he reported the threat, and members of management, including Ron Schleicher, Danny Ray, and Mark Eckert, "protected" Mr. Haynes and did not take action or follow up with Plaintiff's complaint.  (Id.)  Plaintiff alleges Todd Hayen, "a Feeder division manager" also "was aware of the discrimination and retaliation complaints but failed to take adequate measures to address them based on color and race."  (Id. at 7).  Plaintiff makes a statement that secretly recording someone at work without his or her knowledge or consent could be considered a discriminatory practice, "depending on the circumstances."  (Id.)  However, there are no other allegations in the Amended Complaint about "secret" recordings.  Elsewhere in the Amended Complaint, Plaintiff alleges that the discriminatory conduct took place on February 28,

June 6 and 18, 2019. (Id. at 3).  Plaintiff also alleges that discriminatory conduct took place on August 10, 2019, the day he filed his Charge of Discrimination.

As for retaliation, Plaintiff alleges the follows:

Retaliation: If you reported the threat and were not kept safe, this could be considered retaliation for your reporting, which is illegal. Retaliation can take many different forms, including denying your work opportunities, giving you negative evaluations[, ] or harassing you in other ways.

(Id.) (emphasis added).

Plaintiff attached to his Amended Complaint a copy of a charge of discrimination, 28E-2019-01409C, that he filed with the Missouri Commission on Human Rights ("MCHR") on August 10, 2019.  (ECF No. 24, Ex. 3). The charge of discrimination contains the following details about three alleged events:

(1) Feeder-driver Aaron Haines [sic] told me that the reason that union official Ralph Ahart called the police on me when he was at the union hall (in 2017) is because nobody liked me. On February 28, 2019, at [8:45 p.m.], Haines [sic] told me that he was going to "fuck me up and shoot me!"

(2) On or about June 7, 2019, UPS gave me an official safety warning letter for not wearing my safety belt properly. On 6-6-19 there was a misunderstanding on UPS Spotters/Shifters equipment. I am asking UPS to remove the warning letter in my file and instead to properly train, teach and test PETO yard certified drivers on new Spotters/Shifters equipment at JEFMO. CP asserts that over half of EARMO and JEFMO Spotters/Shifters are not equipped with or do not have shoulder straps.

(3) On or about June 18, 2019, UPS Security Supervisor Donnie Ray followed me in his white SUV vehicle driving above the posted fifteen mile-per-hour speed limit without headlights and/or hazard lights taking video of me on his cell phone while driving the vehicle using his wrist in violation of multiple Respondent policies.

(Id.)  Plaintiff states in his charge that he believes UPS retaliated against him because the company received notice of his "amended charge of discrimination."  (Id.)

6

Plaintiff also attached to his Amended Complaint a copy of a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") dated January 30, 2023.

## IV.  Discussion

Defendant moves to dismiss Plaintiff's claims of discrimination and harassment based on race and/or color.  Defendant argues Plaintiff failed to exhaust these claims and, therefore, he is barred from bringing them in this case.  Defendant also moves to dismiss Plaintiff's claim of retaliation and argues Plaintiff fails to set forth sufficient factual allegations to state a plausible claim of retaliation under Title VII.

### A. Exhaustion of Administrative Remedies

Defendant moves to dismiss Plaintiff's claims of discrimination and harassment based on race and/or color under Title VII on the basis that Plaintiff failed to exhaust his administrative remedies prior to bringing suit.  To assert a claim under Title VII, Plaintiff must first have exhausted his administrative remedies by filing a timely charge of discrimination with the EEOC or MCHR.  Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 850 (8th Cir. 2012); 42 U.S.C. § 2000e-5(e)(1). "The reason for requiring the pursuit of administrative remedies first is to provide the [administrative agency] with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) (citation omitted).  "Exhaustion of administrative remedies entitling a claimant to bring a cause of action ... requires a claimant to give notice of all claims of discrimination in the administrative complaint." Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) (quotation omitted and emphasis added).  "[T]he complainant must file a charge with respect to each alleged unlawful employment practice. ... Each discrete act is a

different unlawful employment practice for which a separate charge is required." Id. at 851 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

To determine what employment discrimination claims a plaintiff has exhausted, the Court is to look to the boxes the complainant checked on the charge of discrimination, see Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011), and the narrative description of the allegations. See Tyler v. Univ. of Arkansas Bd. of Trustees, 628 F.3d 980, 989 (8th Cir. 2011). Further, "a plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." Wedow v. City of Kansas City, Mo., 442 F.3d 661, 672 (8th Cir. 2006) (quotation marks and citation omitted). Although a court should "liberally construe an administrative charge for exhaustion of remedies purposes, ... there is a difference between liberally reading a claim which lacks specificity, and inventing, ex nihilo, a claim which simply was not made." Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks and citation omitted).

In the instant case, Plaintiff completed a charge of discrimination and submitted it to the MCHR on August 10, 2019. The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination. Plaintiff checked the box for "Retaliation." Plaintiff did not check the box for "Race," "Color," or "Other." (ECF No. 24, Ex. 3). In the narrative section, Plaintiff asserted that UPS retaliated against him because he filed an "Amended Charge of Discrimination." (Id.) Plaintiff also described three events – the threat made by Aaron Haines, the safety violation warning letter, and being videorecorded on a supervisor's cell phone.

Even liberally construing the factual allegations in the narrative of the charge, the Court finds Plaintiff did not set forth any facts to raise the issue of discrimination or harassment based on race and/or color. The Court concludes Plaintiff's claims of discrimination and harassment

8

based on race and/or color in his Amended Complaint are not like or reasonably related to the charge of discrimination he filed with the MCHR on August 10, 2019. Therefore, Plaintiff is prohibited from pursuing Title VII claims of discrimination or harassment against UPS based on race and/or color, because he did not exhaust these claims. See Russell v. TG Missouri Corp., 340 F.3d 735, 747-48 (8th Cir. 2003) ("While [the plaintiff] did check the box for, and allege, a claim of disability discrimination, she cannot rely on that claim to show that she exhausted her administrative remedies with respect to her retaliation claim because it is well established that retaliation claims are not reasonably related to underlying discrimination claims.").

### B. Retaliation

Defendant also moves to dismiss Plaintiff's claim of retaliation. Defendant argues Plaintiff fails to set forth sufficient factual allegations to plausibly state a claim of retaliation under Title VII.

Title VII prohibits employers from retaliating against employees for engaging in activity that is protected under the statute. 42 U.S.C. §§ 2000e-3(a).[2] A claim of retaliation under Title VII is not based upon discrimination, "but instead upon an employer's actions taken to punish an employee who makes a claim of discrimination." Haas v. Kelly Servs., Inc., 409 F.3d 1030, 1036 (8th Cir. 2005), abrogated in part on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011). In order to state a claim of retaliation, a plaintiff must allege: (1) he engaged

---

[2]The statute provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3.

9

in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) there is a causal connection exists between the two.  Lopez v. Whirlpool Corp., 989 F.3d 656, 664 (8th Cir. 2021).  Plaintiff can satisfy the first element if he "oppos[ed] an act of discrimination made unlawful by [the statute] ('the opposition clause'), or participat[ed] in an investigation under [the statute] ('the participation clause')." Id. (quoting Hunt v. Nebraska Pub. Power Dist., 282 F.3d 1021, 1028 (8th Cir. 2002)). Plaintiff must also show "an objectively reasonable belief that an actionable [statutory] violation has occurred for [his] complaint to qualify as a protected activity." Gibson v. Concrete Equip. Co., Inc., 960 F.3d 1057, 1064 (8th Cir. 2020).

The Court will first examine whether Plaintiff has sufficiently alleged that he engaged in an activity protected under Title VII.  Although Plaintiff does not make the allegation in his Amended Complaint, he stated in his August 10, 2019 charge of discrimination that UPS retaliated against him because it received notice of his "Amended Charge of Discrimination."  (ECF No. 24, Ex. 3).  Because the 2019 MCHR charge was attached to his Amended Complaint, the Court will consider this allegation for purposes of determining whether Plaintiff has stated a claim of retaliation.

Filing a charge of discrimination with the EEOC or MCHR is a protected activity under Title VII and, therefore, Plaintiff satisfies this element of his retaliation claim.  However, there are insufficient allegations of a causal connection between Plaintiff's filing of an earlier charge and the alleged adverse actions UPS took against Plaintiff.  The only other charge of discrimination mentioned anywhere in the record – amended or otherwise – is Charge No. 28E-2017-01602C, which Plaintiff filed with the MCHR on August 30, 2017, nearly 24 months before Plaintiff filed his current MCHR charge on August 10, 2019.  Even liberally construing Plaintiff's Amended Complaint and the 2019 MCHR charge and taking into consideration the 2017 MCHR charge,

10

Plaintiff does not allege or set forth any facts connecting the filing of the 2017 MCHR charge with UPS's alleged misconduct in 2019.  The Court finds as a matter of law that the extended lapse of time between the 2017 MCHR charge and UPS's alleged misconduct breaks any causal connection between the two.  Lewis v. St. Cloud State Univ., 467 F.3d 1133, 1138 (8th Cir. 2006) (the two-month period between the protected activity and the adverse employment actions breaks the causal connection).[3]

Liberally construing Plaintiff's Amended Complaint, there are other allegations in the pleading that could be construed as protected activity under Title VII.  Plaintiff alleges that he reported Aaron Haynes's threat, which Plaintiff claims was racially motivated and should be considered harassment.  Under certain circumstances, complaining to management about racial harassment is a protected activity, if the person lodging the complaint has a reasonable belief that an actionable violation of Title VII had occurred.  Gibson, 960 F.3d at 1064.  Here, there are scant details in the Amended Complaint or the attached 2019 MCHR charge about the circumstances of the threat, and no details whatsoever as to when Plaintiff made a complaint to UPS or to whom.  That said, even if the Court were to find that Plaintiff has sufficiently alleged that he engaged in protected activity by complaining to management at UPS about Aaron Haynes's threat, Plaintiff fails to state a claim of retaliation, because there are insufficient allegations to satisfy the two other elements – that UPS took adverse employment actions against Plaintiff because he made a complaint.

---

[3]Despite Plaintiff's statement in his 2019 MCHR charge that UPS received notice of his "Amended Charge of Discrimination," there is nothing to suggest that Plaintiff filed an amended charge between August 30, 2017, and August 10, 2019.  But even if he had, and it was filed in or shortly before June 2019, Plaintiff fails to state a retaliation claim because, as addressed below, Plaintiff does not sufficiently allege that UPS took an actionable adverse employment action against him.

First, the Court finds there are insufficient allegations of a causal connection. While Plaintiff alleges that Aaron Haynes made his threat on February 28, 2019, Plaintiff does not allege when he complained to UPS about the threat.  If Plaintiff made a complaint at or near the time of the threat, UPS's alleged retaliatory actions, which purportedly occurred in June 2019, could not as a matter of law be found to be causally connected to Plaintiff's complaint, because the events would be too remote in time. Lewis, 467 F.3d at 1138.  Second, even if there were allegations that in or shortly before June 2019, Plaintiff made a complaint to UPS about Aaron Haynes's threat, which he reasonably believed was a violation of Title VII, Plaintiff still has not stated a claim of retaliation, because he has not sufficiently alleged that UPS took an adverse employment action against him.

To constitute an adverse employment action, the complained of action must be "materially adverse, which in th[e] context [of a retaliation claim] means that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted).  In the Amended Complaint itself, there are no allegations of retaliatory conduct UPS took against Plaintiff.  In the Amended Complaint, Plaintiff couches his allegations regarding retaliation in the conditional tense.  For example, he alleges the following: "Retaliation can take many different forms, including denying your work opportunities, giving you negative evaluations[, ] or harassing you in other ways."  (ECF No. 24 at 3) (emphasis added).  Plaintiff's allegations of retaliatory conduct in the Amended Complaint are legal conclusions devoid of facts, and they fail state a plausible claim for relief.  Iqbal, 556 U.S. at 678.

Plaintiff does lodge specific, factual allegations against UPS in his 2019 MCHR charge, and, again, because the charge was attached to his Amended Complaint, the Court will consider

12

these allegations for purposes of determining whether Plaintiff has stated a claim of retaliation. Plaintiff alleges that on or about June 7, 2019, there was a "misunderstanding" regarding UPS Spotters/Shifters equipment, and UPS gave him an official safety warning letter for not wearing a safety belt properly. (ECF No. 24, Ex. 3).  This allegation does not meet the adverse employment action element of a retaliation claim.  "A poor performance rating does not in itself constitute an adverse employment action because it has no tangible effect upon the recipient's employment." Spears v. Missouri Dep't of Corr. & Hum. Res., 210 F.3d 850, 854 (8th Cir. 2000) (citing Cossette v. Minnesota Power & Light, 188 F.3d 964, 972 (8th Cir. 1999); cf. Wilson v. Miller, 821 F.3d 963, 968 (8th Cir. 2016) (regarding First Amendment retaliation claim, "[s]tanding alone, a poor performance rating does not constitute an adverse employment action because it has no tangible effect on the employee's conditions of employment.").  Rather, "[a]n unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment." Spears, 210 F.3d at 854 (citing Enowmbitang v. Seagate Tech., Inc., 148 F.3d 970, 973–74 (8th Cir. 1998).  Setting aside that Plaintiff states that the warning was based on a "misunderstanding" and not retaliation, there are no allegations in the Amended Complaint or the 2019 MCHR charge that the warning letter impacted Plaintiff's employment at UPS.  Even accepting Plaintiff's allegations as true, his claim of retaliation based on the safety warning letter fails to state a claim as a matter of law.

In the 2019 MCHR charge, Plaintiff further alleges that on or about June 18, 2019, a UPS Security Supervisor followed him in an SUV and took video of Plaintiff on his cell phone.  UPS argues this does not amount to an adverse employment action, and the Court agrees.  Plaintiff devotes approximately two pages of his Response in Opposition to a discussion of Missouri's wiretapping statute, Mo. Rev. Stat. § 542.402, and the criminal penalties for illegal wiretapping

13

and recording phone conversations. Plaintiff, however, does not allege that his phone conversations were illegally recorded, rather he alleges that he was recorded on video. Setting aside there are little to no details about the video recording, such as where it allegedly occurred, what Plaintiff was doing at the time, and for how long he was recorded, Plaintiff points to no authority holding that video surveillance is an adverse employment action for purposes of stating a Title VII retaliation claim, and the Court has found none. Plaintiff fails to state a claim of retaliation based on the fact that he was filmed on a cell phone by a UPS security supervisor.

In sum, even liberally construing the allegations in Plaintiff's Amended Complaint and the attached 2019 MCHR charge, Plaintiff fails to set forth sufficient factual allegations to state a plausible claim of retaliation under Title VII.

### *V. Conclusion*

For the reasons stated above, the Court finds Plaintiff failed to exhaust his administrative remedies with regard to his claims of discrimination and harassment based on race and/or color under Title VII. The Court further finds Plaintiff fails to allege sufficient facts to state a claim of retaliation under Title VII.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Shelbe L. Davis, Sr.'s "Motion for Leave to Amend Complaint and for leave to File Surreply in Opposition to Defendant's Motion to Dismiss" is **DENIED.** [ECF No. 37]. The Court does take judicial notice of the Charge of Discrimination Plaintiff filed with the Missouri Commission on Human Rights dated August 30, 2017, No. 28E-2017-01602C.

**IT IS FURTHER ORDERED** that Defendant United Parcel Service's Motion to Dismiss is **GRANTED.** [ECF No. 31].

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of May 2024.